Kast et al., Appellants, *v.* Standard Provisions Company.

Argued October 8, 1937.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Joseph B. Meranze,* for appellants.

*Emanuel Moss,* of *Moss & Moss,* for appellee.

OPINION BY KELLER, P. J., October 27, 1937:

The defendant, by a written contract, made on April 20, 1934, engaged the services of the plaintiffs, electric rate consultants, to audit and analyze its electric bills and show where a saving could be effected, if possible. In consideration of these services the defendant agreed to pay plaintiffs "25% of any refunds that may be obtained on past and paid bills", and also agreed "that the amount of 25% will be paid [them] upon any savings effected during a period of one year, that may be due to any recommendations submitted". It was further provided that a minimum charge of ten dollars was to be paid on the signing of the contract for the inspection required to ascertain the correctness of assessed kilowatt billing demands; and that in the event the analysis proved that no savings could be effected defendant would pay plaintiffs nothing other than the specified minimum charge. This action in assumpsit was brought by the plaintiffs on December 20, 1935 to recover 25% of the savings effected by the adoption of their recommendations, for the period from May, 1935, when, it was averred, their recommendations were adopted by defendant, to the date of bringing suit.

Plaintiffs averred, in their statement of claim, that they had recommended to the defendant that, for the purpose of effecting a saving in the purchase of electricity, it change the methods of purchasing electricity

from the Wholesale Light & Power Rate to the Primary Distribution Rate; that on or about May 1, 1935 defendant had adopted said recommendation and beginning May 22, 1935 had effected a monthly saving in the cost of electricity used by it on its premises; and that 25% of the savings so effected up to the date of bringing suit was $147.29, for which demand was made.

On the trial the plaintiffs proved the written contract, introduced in evidence a letter from them to the defendant written on May 11, 1934 recommending a change from the Wholesale Light & Power Rate to the Primary Distribution Rate. They offered to prove that the defendant in May, 1935, made a change from the Wholesale Light & Power Rate to the Primary Distribution Rate, as recommended by them, and the savings in defendant's electric bills effected thereby, but the trial judge sustained defendant's objections to the admission of this evidence on the ground that the contract was for one year and expired on April 20, 1935, before the change was effected; and gave binding instructions in favor of the defendant.

The trial court was wrong in its construction of the contract. The contract does not fix the term of one year from its date, April 20, 1934, for its duration. In fact, it fixes no term within which the contract must be carried into effect. The term, 'a period of one year', relates only to the period during which the plaintiffs are entitled to 25% of the future savings to be effected by adopting the recommendations of the plaintiffs, and it is plain that the term relates to one year after the recommendations are adopted, not one year from the date of the contract.

The consideration to be paid plaintiffs was two-fold: (1) 25% of any *refunds* obtained on *past and paid bills,* irrespective of how many years had elapsed; and (2) 25% of any savings effected during a period of one year, that may be due to any recommendations sub-

mitted by them; and the latter clearly relates to the savings effected by defendant during a period of one year after the recommendation of the plaintiffs had been adopted and put into force. Otherwise the defendant might escape paying the consideration for future savings by refraining from making the changes recommended until a year had expired. The contract does not provide that it is to be for *the* period of one year, but that the defendant shall pay the plaintiffs 25% of the savings effected during *a* period of one year—that is, for one year following the changes—due to the recommendation submitted by plaintiffs.

The action, however, was prematurely brought, for plaintiffs were only entitled to 25% of the savings effected by defendant during a year after the recommendations submitted by them were adopted, not of the savings effected during any less period. It does not follow that, because a saving was effected during the first seven months after the change was made, a full year's operations will show a saving. There might be a loss during the last five months sufficient to offset the savings in the first seven months. Hence the suit was prematurely brought and a directed verdict on that ground would have been proper; but this would not have concluded the plaintiffs on the merits and would have permitted the bringing by them of an action after a year had expired from the making of the changes recommended by them.

On the trial of such an action the evidence offered by the plaintiffs and rejected by the court below in the first assignment of error will be admissible.

The plaintiffs were not required to do more than prove that they had recommended the change from Wholesale Light & Power Rate to Primary Distribution Rate and that the defendant had thereafter made the change, and follow this up by showing the savings effected for a period of one year after the change. This

would make out a prima facie case for 25% of those savings. Matters of defense to the claim, if any, would be for the defendant to present on the trial.

For the reasons stated above, while the first assignment of error is sustained, the judgment is affirmed, without prejudice to the right of the plaintiff to bring another action following a year after the changes recommended by plaintiffs were made by defendant.